UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES H., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:23-cv-05828-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

On March 3, 2020, plaintiff filed an application for SSI alleging a disability onset date of April 7, 2017. AR 426-31. The claim was denied initially and upon reconsideration. On November 1, 2022, a hearing was conducted by Administrative Law Judge ("ALJ") Allen Erickson. AR 115-66. On January 3, 2023, ALJ Erickson issued a decision finding plaintiff not to be disabled. AR 22-36. On August 2, 2023, the Appeals Council declined plaintiff's request for review and plaintiff filed this appeal. AR 1-4.

ALJ Erickson determined that plaintiff had the following severe impairments: peripheral neuropathy, major depressive disorder, anxiety disorder, obesity, bilateral hearing loss, lumbar spine degenerative disc disease, and degenerative joint disease. AR 25. As a result, he determined plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with the following additional limitations:

> He could occasionally climb ladders, ropes or scaffolds and occasionally crawl. He could tolerate occasional exposure to vibration, extreme cold temperatures, and a loud noise environment. He would be limited to occupations where all oral communication is short, simple, and clear. He would be limited to only occasional exposure to a loud noise environment. He could understand, remember, and apply detailed, not complex, instructions, but not in a fast-paced, production type environment, with only occasional interaction with the general public.

AR 28. Based on the RFC, the ALJ determined plaintiff could perform the following work: Routing Clerk (DOT 222.687-022), Collator Operator (DOT 208.685-010), and Retail Price Marker (DOT 209.587-034). AR 36.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff challenges the ALJ's assessment of the medical opinions of Eric Malpica, PAC and Dr. Beth Fitterer, Ph.D.

Plaintiff filed the claim on March 3, 2020, so the ALJ applied the 2017 regulations. *See* AR 426-31. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2). *Id.*

A. <u>Eric Malpica, PAC</u>

On December 23, 2020, Mr. Malpica evaluated plaintiff and completed a medical source statement. AR 640-48. He opined plaintiff could stand/walk two to three hours in an eight-hour workday, with breaks, with ability to walk five to ten minutes at a time. AR 647. He opined his overall stand/walk function was poor. *Id*. He opined plaintiff's overall squatting/kneeling/climbing/crawling function was poor; overall balancing function was good. *Id*.

PAC Malpica opined plaintiff could sit for a cumulative four to five hours in an eight-hour workday with breaks, for 20-30 minutes at a time. *Id*. He opined that plaintiff's overall sitting function was fair. *Id*. He opined plaintiff was limited to occasional lifting/carrying 15 pounds and frequent carrying/lifting of ten pounds; plaintiff's overall lifting/carrying function was fair. *Id*. He opined plaintiff's overall pushing/pulling and reaching waist to shoulder functions were fair; his gripping/handling/fingering/feeling, vision, speech, and hearing functions were good. AR 648. PAC Malpica also opined that plaintiff's temperature restrictions/limitations, pulmonary irritants, dust, fumes restrictions/limitations, humidity-related restrictions/limitations, and unprotected height-related restrictions/limitations functions were good. *Id*. He opined plaintiff's vibration, moving parts, and machinery-related restriction/limitations and operation of a motor vehicle-related restrictions/limitations functions were good. *Id*.

He diagnosed plaintiff with morbid obesity; low back pain with the inability of squat, limited range of motion and positive bilateral SLR; shoulder with decreased ROM

4

without neurological deficit; and feet numbness with diminished sensation bilaterally on examination. AR 646.

The ALJ found PAC Malpica's opinion was not persuasive. AR 33-34. The ALJ found the opinion was inconsistent with and unsupported by the objective medical evidence which consisted of only mild to moderate imaging results, moderate EMG examination results, and generally unremarkable physical examinations. *Id*.

Plaintiff challenges each of the ALJ's supporting rationales as not supported by substantial evidence. Dkt. 7 at 3. Defendant responds that substantial evidence supports the ALJ's determination. Dkt. 9 at 4.

Under the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). An opinion's inconsistency with the medical record may be a valid basis on which to not credit that opinion. *See Woods*, 32 F.4th at 792-93.

The ALJ has a duty to set forth their reasoning "in a way that allows for meaningful review," *Brown-Hunter v. Colvin,* 806 F.3d 487, 492 (9th Cir. 2015). If the ALJ does not discuss specific facts or reasons, the reviewing Court may not affirm based on evidence the ALJ did not discuss. *Burrell v. Colvin,* 775 F.3d 1133, 1141 (9th Cir. 2014); *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003).

With respect to plaintiff's imaging results, the ALJ cited to X-rays of plaintiff's lumbosacral spine which revealed mild to moderate multilevel lumbar degenerative changes, greatest at L4-S1. AR 34 (citing AR 650). He also cited an MRI of lumbar spine which showed mild facet arthropathy from L3-S1 levels without significant spinal

canal stenosis or foraminal narrowing. *Id*. (citing AR 836-37). The ALJ additionally cited an EMG and nerve conduction study which showed moderate level peripheral neuropathy. *Id*. (citing AR 764).

The ALJ failed to explain, in a manner which "allows for meaningful review," *Brown-Hunter*, 804 F.3d at 492, how the imaging and EMG test results undermined the limitations opined by Mr. Malpica. In another part of the decision, the ALJ cited the imaging and EMG test results to support his conclusion that "[t]he record adequately documents the claimant's complaints of low back pain and numbness in his feet." AR 29.

The supportability factor considers how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1). A conflict between a source's medical opinion and their treatment notes may be a valid reason for rejecting their opinion. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Yet an ALJ must explain why their own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ in this case stated a conclusion that PAC Malpica's opinion was inconsistent with his own examination – but fails to identify what is inconsistent. Without discussing any inconsistency, the Court cannot effectively review the ALJ's reasoning. Therefore, it appears that the ALJ improperly substituted his own lay opinion for that of the doctor. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (holding that an ALJ improperly rejected an informed medical opinion and substituted their own

judgment for that of the doctor). PAC Malpica made diagnoses and based opinions on objective findings in the medical evaluation, and the history of plaintiff's medical conditions, rather than imaging studies or records. AR 646.

The ALJ also stated that "[p]hysical examinations were generally unremarkable but did show diminished sensation in the lower extremities at times." AR 34. However, the ALJ does not specify any physical examinations in the record. The Court cannot accept a general finding and comb the administrative record to find the conflict. *Brown-Hunter*, 806 F.3d at 494. Because the ALJ did not identify any portions of the record that contradict Mr. Malpica's opinion, the Court is unable to meaningfully review this issue. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJ is required to explain their reasoning).

      i.    Harmless error

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id.* at 1052, 1054; *see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

Here the vocational expert testified that an individual who could stand and or walk for less than two hours a day and sit for less than six hours a day would be restricted to less than sedentary work; and if they need to frequently change positions and walk around to relieve pain it would not be tolerated in the workplace because it

1 would interfere with productivity. AR 162-164. If the ALJ had properly evaluated the

2 medical evidence, the ALJ might have included the limitations opined by PAC Malpica in

3 the hypothetical to the vocational expert. And, the vocational expert's testimony – based

4 on a new hypothetical – would potentially influence the ALJ to determine a more

5 restrictive RFC. The error was therefore not harmless.

  B. <u>Beth Fitterer, Ph.D.</u>

  On October 5, 2020, State Agency Consultant Dr. Fitterer completed a Mental Residual Functional Capacity Assessment. AR 182-84. She opined plaintiff did not have understanding and memory limitations but did have sustained concentration and persistence limitations. AR 182. She opined plaintiff had a moderate limitation in the ability to carry out detailed instructions, interact appropriately with the public, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 183-84.

  The ALJ found Dr. Fitterer's opinions were somewhat persuasive but discounted them on the basis that they were somewhat consistent with and supported by the medical evidence. AR 34. Specifically, the ALJ noted that mental status examinations were generally normal. *Id*.

  Plaintiff challenges the ALJ's determination on the basis that the ALJ failed to incorporate the limitations opined by Dr. Fitterer into the RFC and the citations to the record do not pertain to interaction with others in the workplace. Dkt. 7 at 4. Defendant responds that even if the social limitations opined by Dr. Fitterer were included in the RFC it would not have resulted in a different outcome because the representative

occupations, routing clerk, collator operator, and retail price marker do not require any social interaction beyond being able to take instructions. Dkt. 9 at 6.

Here the ALJ limited plaintiff to "occupations where all oral communication is short, simple, and clear" and "only occasional interaction with the general public." AR 28. Plaintiff does not demonstrate the RFC is erroneous; the RFC includes the limitations opined by Dr. Fitterer regarding social interactions. AR 28. The Court agrees that error, if any, was harmless.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 7th day of June 2024.

Theresa L. Fricke
United States Magistrate Judge